IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EARL JACK WRIGHT** | * | |
| | * | |
| v. | * | Civil Case No. RDB-15-2585 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered both parties' dispositive motions, and Mr. Wright's reply. [ECF Nos. 15, 16, 17]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Mr. Wright's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Wright filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of September 1, 2011. (Tr. 209-221). His applications were denied initially and on reconsideration. (Tr. 74-95, 98-123). An Administrative Law Judge ("ALJ") held a hearing on July 8, 2014. (Tr. 45-70). Following the hearing, the ALJ determined that Mr. Wright was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19-44). The Appeals Council

denied Mr. Wright's request for review, (Tr. 3-8), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that, during the relevant period, Mr. Wright suffered from the severe impairments of back disorders, diabetes mellitus, essential hypertension, cardiomyopathy, and obesity. (Tr. 24). Despite these impairments, the ALJ determined that Mr. Wright retained the residual functional capacity ("RFC") to

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can never climb ladders, ropes, or scaffolds, and he can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl.

(Tr. 28). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Wright could perform his past relevant work as an auto salesman and maintenance attendant.[1] (Tr. 36-37). Therefore, the ALJ concluded, Mr. Wright was not disabled. *Id.*

Mr. Wright disagrees. He raises two primary arguments on appeal: (1) that the ALJ erred in finding that Mr. Wright's anxiety was a non-severe impairment; and (2) that the ALJ erred in applying the Medical-Vocational Rules to his case. Each argument lacks merit.

Mr. Wright first contends that the ALJ should have deemed his anxiety to constitute a severe impairment at step two. Pl. Mot. 9. This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's decision meets that standard.

At step two, the ALJ applied the special technique for evaluation of mental impairments to Mr. Wright's diagnoses of anxiety disorder and substance addiction disorder. (Tr. 25-26). The ALJ found that Mr. Wright had mild limitation in the areas of "activities of daily living,"

---

[1] Although the ALJ also made an alternative step five finding that Mr. Wright could perform other jobs, that finding was not material to the ALJ's conclusion. (Tr. 36-37).

"social functioning," and "concentration, persistence or pace." (Tr. 25). The ALJ further concluded that Mr. Wright had experienced no episodes of decompensation which have been of extended duration. *Id.* At step four, the ALJ reviewed the evidence including Mr. Wright's testimony that he suffered from panic attacks and his wife's function report describing his limited ability to handle stress. (Tr. 29-30). The ALJ further summarized the results of the psychological consultative evaluation conducted by Dr. James Orth. (Tr. 31). The ALJ considered the GAF score of 52 that was assigned by Dr. Orth, and assigned it "some weight." (Tr. 35). The ALJ further considered the opinions of the State agency disability physicians and psychological consultants who reviewed Mr. Wright's mental condition, and assigned "greater weight to the earlier opinions of the State agency disability physicians and psychological consultants." *Id.*

As described above, the ALJ provided a thorough analysis of the entire record with respect to Mr. Wright's mental condition. Mr. Wright contends that one of the State agency disability physicians, Dr. Wessel, found him to have moderate limitations in social functioning and in concentration, persistence, or pace. Pl. Rep. 2-3; (Tr. 108). However, Dr. Wessel also determined that Mr. Wright's anxiety, as a whole, was a non-severe impairment. *Id.* Moreover, the ALJ explained his rationale for assigning greater weight to the earlier opinions of the State agency physicians, namely the opinion of Dr. Levasseur, who found only mild limitations in the functional domains of social functioning and concentration, persistence, or pace. (Tr. 78). Ultimately, in light of the differing opinions from the non-examining physicians, Mr. Wright's argument amounts to an invitation to reweigh the evidence that was fully considered by the ALJ. That invitation must be declined, in light of the applicable legal standard. The ALJ's conclusion is supported by substantial evidence, namely the opinions of Drs. Levasseur and Wessel that Mr.

Wright's anxiety is non-severe, and the opinion of Dr. Levasseur that Mr. Wright suffers no more than mild limitations in any functional domain.[2]  Thus, I recommend that the ALJ's conclusion be affirmed.

Finally, Mr. Wright contends that the ALJ failed to address the fact that he changed age categories during the pendency of his claim, which would affect the application of the Medical-Vocational Guidelines to his case.  Pl. Mot. 10.  However, the ALJ concluded at step four of the sequential analysis that Mr. Wright was capable of performing his past relevant work.  (Tr. 36).  The Medical-Vocational Guidelines are not applied until step five, in situations where a claimant "is prevented by a severe medically determinable impairment from doing vocationally relevant past work." 20 C.F.R. §§ 404.1569, 416.969.  Because the ALJ denied Mr. Wright's claim as a result of the step four finding that he could perform past relevant work, the ALJ did not reach the Medical-Vocational Guidelines at step five, and did not have to determine Mr. Wright's appropriate age categories.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. The Court DENY Plaintiff's Motion for Summary Judgment  [ECF No. 15];

2. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 16];

---

[2] Mr. Wright also contends that the GAF score of 52, assigned by Dr. Orth, supports a finding that his anxiety constituted a severe impairment. Pl. Rep. at 3-4.  As the ALJ explained, GAF scores "are ratings of overall psychological, social, and occupational functioning" and "do not reflect any specific function-by-function limitations." (Tr. 35).  For example, GAF scores are affected by the claimant's physical health. A claimant with less significant mental health conditions, but reporting serious physical impairments to the evaluating mental health provider, may have a lower GAF score. Moreover, GAF scores also incorporate difficulties with occupational and financial functioning. Inherently, an applicant for Social Security disability benefits has an unstable occupational situation, and therefore a GAF score may be lowered accordingly.  Dr. Orth specifically referenced Mr. Wright's physical issues and "unemployed, financial stresses, coping with medical problems" in determining his GAF score. (Tr. 575-76).  Thus, the ALJ properly considered the GAF score in his opinion, but it is not determinative of a severe mental disability.

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  May 4, 2016                                          /s/
                                                                            Stephanie A. Gallagher
                                                                            United States Magistrate Judge